# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCISO ESPINOZA,<br>CDCR #T-92249,<br><br>                              Plaintiff,<br><br>vs.<br><br>V.M. ALMAGER; L. BUCK;<br>C. PARKHILL;<br><br>                              Defendants. | Civil No.    10cv0286 DMS (POR)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

## I.
### PROCEDURAL HISTORY

On February 4, 2010, Narciso Espinoza ("Plaintiff"), a state prisoner currently incarcerated at Ironwood State Prison located in Blythe, California, and proceeding pro se, submitted a civil action pursuant to 42 U.S.C. § 1983. Additionally, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  In his original Complaint, Plaintiff alleged that his Fourteenth Amendment due process rights were violated when he was housed in Administrative Segregation ("Ad-Seg") for more than a year while incarcerated at Centinela State Prison.

On March 12, 2010, this Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim. *See* Mar. 12, 2010 Order at 5-6. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* On April 26, 2010, Plaintiff filed his First Amended Complaint ("FAC") [Doc. No. 4].

## II.

### SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");

1 *Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

In 2007, while housed at Centinela State Prison ("CEN"), Plaintiff was preliminarily charged with the murder of another inmate.  (*See* FAC at 3.)  During the investigation, Plaintiff was housed in Administrative Segregation ("Ad-Seg").  (*Id.*)  Plaintiff claims that under the rules and regulations established by the California Department of Corrections and Rehabilitation ("CDCR"), prison officials were permitted to keep him housed in Ad-Seg for up to a year pending the investigation. (*Id.*) However, Plaintiff claims that prison officials violated their own policy when they kept him in Ad-Seg for thirteen months and he is "only [suing] for the 1 month that CDCR violated [the] rules and regulations."  (*Id.*)

To the extent that Plaintiff seeks money damages based on an Eighth Amendment claim of cruel and unusual punishment for the time he spent in Ad-Seg, his First Amended Complaint fails to state a claim.  The Eighth Amendment, which prohibits "cruel and unusual punishments," imposes a duty on prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of the inmates.  *Helling v. McKinney*, 509 U.S. 25, 31-33 (1993); *see also Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (noting that the U.S. Constitution "does not mandate comfortable prisons.").

Thus, to assert an Eighth Amendment claim for deprivation of humane conditions of confinement a prisoner must satisfy two requirements:  one objective and one subjective.

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994). Under the objective requirement, the plaintiff must allege facts sufficient to show that "a prison official's acts or omissions . . . result[ed] in the denial of the 'minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at 347). This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Farmer*, 511 U.S. at 534; *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981). The subjective requirement, relating to the defendant's state of mind, requires that the plaintiff allege facts sufficient to show "deliberate indifference." *Allen*, 48 F.3d at 1087. "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

As currently pleaded, the Court finds that Plaintiff alleges no facts to find that any named Defendants was deliberately indifferent to a risk to his health or safety based on the time he spent in Ad-Seg. Accordingly, Plaintiff's Eighth Amendment claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

To the extent that Plaintiff is attempting to allege a due process violation under the Fourteenth Amendment, he has also failed to state a claim. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of his placement in Ad-Seg which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed to allege a liberty interest in remaining free of ad-seg, and thus, has failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486.

Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days

1  leave from the date this Order is "Filed" in which to file a Second Amended Complaint which
2  cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be
3  complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.
4  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed
5  to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if
6  Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may
7  be dismissed without further leave to amend and may hereafter be counted as a "strike" under
8  28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).
9       The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.
10  **IT IS SO ORDERED.**
11  DATED: June 16, 2010

HON. DANA M. SABRAW
United States District Judge