# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCISO ESPINOZA, CDCR #T-92249,<br><br>  Plaintiff,<br><br>vs.<br><br>V.M. ALMAGER; L. BUCK; C. PARKHILL;<br><br>  Defendants. | Civil No.   10-0286 DMS (POR)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On February 4, 2010, Narciso Espinoza ("Plaintiff"), a state prisoner currently incarcerated at Ironwood State Prison in Blythe, California, and proceeding pro se, initiated this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff seeks to sue several Centinela State Prison ("CEN") officials based on claims that they improperly detained him in CEN's Administrative Segregation Unit ("Ad-Seg") after the death of a fellow inmate.

On March 12, 2010, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP"), but simultaneously dismissed his Complaint for failing to state a due process claim under the Fourteenth Amendment. *See* Mar. 12, 2010 Order at 4-6. Specifically, the Court

found that Plaintiff "failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions." *Id.* at 5 (citing *Sandin v. Conner*, 515 U.S. 472, 485 (1995)). Plaintiff was then notified that he must allege a "dramatic departure from the basic conditions" of his confinement in order to invoke a liberty interest protected by the Due Process Clause. *Id.* (citing *Sandin*, 515 U.S. at 485; *Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998)). In addition, the Court granted Plaintiff leave to file an Amended Complaint in order to correct these deficiencies of pleading. *Id.* at 6.

On April 26, 2010, Plaintiff filed his First Amended Complaint [Doc. No. 4]. However, the Court again dismissed Plaintiff's Fourteenth Amendment claims because he still failed to allege "facts related to the conditions or consequences of his placement in Ad-Seg which show the type of 'atypical, significant deprivation [that] might conceivable create a liberty interest.'" *See* June 16, 2010 Order [Doc. No. 5] at 5. The Court further noted that to the extent Plaintiff's First Amended Complaint also invoked the Eighth Amendment's prohibition of cruel and unusual punishments, it failed to allege to that any defendant responsible for placing him in Ad-Seg or retaining him there acted with the deliberate indifference required to support an Eighth Amendment violation. *Id.* at 3-4 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Plaintiff was, once again, provided both a short description of his pleading deficiencies as well as an additional opportunity to amend them. *Id.* at 6.

On August 2, 2010, Plaintiff filed a Second Amended Complaint ("SAC") [Doc. No. 6] to which the Court now turns.

## II.

### SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court noted in its previous Orders, the Prison Litigation Reform Act's ("PLRA") amendments to 28 U.S.C. § 1915 require initial review of all complaints filed by persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as

practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under the PLRA, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

"Section 1983 authorizes a 'suit in equity, or other proper proceeding for redress,' against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (quoting 42 U.S.C. § 1983). Section 1983 "by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979); *Sprint Telephony PCS v. County of San Diego*, 490 F.3d 700, 717 (9th Cir. 2007). Instead, it "merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal citations omitted); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Thus, "[i]n § 1983 cases, it is the constitutional right itself that forms the basis of the claim." *Crater v. Galaza*, 508 F.3d 1261, 1269 (9th Cir. 2007).

In his Second Amended Complaint, Plaintiff again seeks to sue Defendant CEN correctional officials for "placing [him] in Ad-Seg" for 13 months after the death of another inmate. Plaintiff claims his stay in Ad-Seg amounted to "false imprisonment" and "cruel and unusual punishment" because he was ultimately found not-guilty. (SAC at 3.)

First, while it is not clear whether Plaintiff intends to allege a due process violation, as he did in his previous pleadings, the Court once again finds he fails to state a claim because nothing in his Second Amended Complaint suggests his stay in Ad-Seg imposed the "atypical and significant hardship" required to invoke a liberty interest protected by the Fourteenth Amendment. *See Sandin*, 515 U.S. at 484, 486-87.

Second, to the extent Plaintiff now more clearly stakes his claim in the Eighth Amendment, the allegations in his Second Amended Complaint fare no better than those

previously found lacking in his First. Specifically, in its June 16, 2010 Order, the Court advised Plaintiff that the Eighth Amendment's Cruel and Unusual Punishments Clause requires him to plead sufficient facts to show that Defendants' decision to place and retain him in Ad-Seg deprived him of the "minimal civilized measures of life's necessities," *see* June 16, 2010 Order at 4 (citing *Farmer*, 511 U.S. at 834), and that they did so with "deliberate indifference." *Id.* (citing *Farmer*, 511 U.S. at 837). The Court further elaborated that in order to show deliberate indifference, Plaintiff must allege that each individual Defendant "kn[ew] of and disregard[ed] an excessive risk to [his] health and safety." *Id.*

His Second Amended Complaint however, includes no such allegations. Instead, Plaintiff simply re-asserts that he was placed in Ad-Seg after a fellow inmate's death on October 3, 2007, and that he was detained there for 13 months despite the fact that he was ultimately cleared of any wrong-doing. (SAC at 3.) Without more, these averments are simply not enough to support a claim of cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (noting only the "unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment.") (internal citation omitted).

Accordingly, the Court now concludes that Plaintiff's Second Amended Complaint fails to state a section 1983 claim upon which relief may be granted, and that it is also subject to sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick,* 213 F.3d at 446, n.1.

### III.
#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1) Plaintiff's Second Amended Complaint [Doc. No. 6] is **DISMISSED** with prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b). Because Plaintiff has been provided two opportunities, but still has failed to sufficiently state a claim, the Court finds further amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v.*

1   *California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

      2)   **IT IS FURTHER CERTIFIED** that an IFP appeal from this final order of dismissal would not appear to be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

      The Clerk shall close the file.

      **IT IS SO ORDERED.**

DATED:  August 19, 2010

                                            HON. DANA M. SABRAW
                                            United States District Judge